■ LA COQUILLE OF WESTHAMPTON BEACH, INC., Respondent-Appellant, v RUTH ROBINSON, Appellant-Respondent.—Order, Supreme Court, New York County, entered June 17, 1974, denying a motion for summary judgment dismissing the complaint and a cross motion to dismiss the counterclaim, unanimously reversed, on the law, the motion for summary judgment declaring in favor of the defendant is granted, and the cross motion to dismiss the counterclaim for money damages granted with $60 costs and disbursements to the defendant. Ruth Robinson (Robinson) has been a tenant under a proprietary lease in an apartment building owned by La Coquille of Westhampton Beach, Inc., (La Coquille) since 1961. Robinson's proprietary lease, which form is the same for all apartments in the co-operative, provides that the premises may be used by the lessee, her family, guests and employees for occupancy as a private dwelling. La Coquille, under the lease terms, is authorized to establish reasonable house rules as often as deemed necessary for the proper management of the apartment building. House rules adopted from time to time included a prohibition against having young children residing on the premises and a limit on the maximum number of occupants allowed for overnight sleeping, depending on the size of the specific apartment. La Coquille also claims an "unwritten" house rule which was allegedly adopted in 1964, prohibiting any persons to remain in an apartment overnight without the presence of the lessee. This rule was promulgated to avoid turning the co-operative into a boarding-house. In 1970 a formal set of house rules was adopted not containing any of the restrictions of the 1964 "unwritten" rule. In the summer of 1973, defendant's daughter, son-in-law, and defendant's two grandchildren were scheduled to use the apartment on four separate weekends, such use being in violation of the "rule." When the management was informed of this proposed use, a letter was sent to defendant apprising her of the alleged violation, but the contemplated use by the children and grandchildren took place anyway. The co-operative board then authorized plaintiff's attorney to take the appropriate steps to terminate the lease. Plaintiff instituted this action for declaratory relief outlining the rights of the parties. Issue was joined and defendant further counterclaimed, *inter alia,* for money damages for plaintiff's breach of the lease agreement, resulting in "embarrassment

and discomfort that she could not use and enjoy the premises during the 1973 summer season." Defendant moved for summary judgment and plaintiff cross-moved for the same relief, both motions being denied by Special Term. Assuming the existence and effectiveness of the 1964 "unwritten" rule, it merged when the house rules were "codified" in 1970. It is the 1970 rules which must govern the alleged 1973 breach by the defendant. In any event, the "unwritten" rule as applied to defendant would unreasonably restrict the use and occupation of the apartment for dwelling purposes since she only intended to use the apartment for herself or her family. Defendant under these facts is entitled to a declaration that she has not breached the terms of her lease and that the alleged "unwritten" rule is invalid. Defendant's counterclaim for damages in the amount of $5,000 should have been dismissed since the damages claimed cannot fall within the scope of foreseeability as actual or consequential damages attributable to the alleged breach of contract. Settle order on notice (see *Lanza v Wagner,* 11 NY2d 317, 334; *St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ.,* 20 NY2d 317, 325). Concur—Murphy, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.